UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. )<br>d/b/a IOU FINANCIAL, INC. )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>SWAN CONSULTING, INC., )<br>et. al., )<br>  )<br>Defendants. ) | CIVIL ACTION<br>NUMBER:   5:19-cv-00460-TES |

## Motion to Dismiss and Supporting Memorandum

Defendants, by special appearance and without submitting to the jurisdiction of this Court, through their undersigned counsel, move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue. While moving to dismiss, at this juncture, on this basis alone, Defendants note the absence of personal jurisdiction over Defendants, insufficient service of process as to some Defendants, and failure to state claims upon which relief can be granted, as grounds for dismissal should Plaintiff elect to pursue some or all of the claims alleged in its deficient Complaint in a proper venue.

**Supporting Memorandum**

Plaintiff's Complaint (Doc. No. 1), alleges, in relevant part, that Defendant Swan Consulting, Inc. a California corporation with its principal place of business in California, electronically executed a promissory note for a $150,000 business loan from Plaintiff at its "Georgia office." Complaint, ¶¶ 2, 8, 10 & 13. Plaintiff attempts to sue individuals Defendants, resident in California, associated with Swan Consulting. Complaint at ¶ 3. Though hidden in its Complaint in *this* action,[1] Plaintiff does business from Kennesaw, Georgia, a location in Cobb County, Georgia that is outside the Middle District of Georgia, and not from a location in the Middle District. See 28 U.S.C. § 90(a)(2), 90(b). A copy of Plaintiff's current registration with the Georgia Secretary of State, identifying its place of business in Kennesaw, is attached as Exhibit "A."

When defendants are not resident and the property at issue is not in the district, venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." 28 U.S.C. § 1391(b)(2). As the California Defendants own no property in the Middle District, and the Complaint

---

[1] In other promissory note actions brought in this Court, Plaintiff has judicially admitted to its Georgia place of business as being in Kennesaw. See, for example, *IOU Central, Inc. v. Voltata TP Acquisition, LLC, et al.*, M.D. Ga. No. 5:19-cv-00387-TES at Doc. No. 15.

alleges none (Complaint, ¶ 12), there is no basis for venue in this Court under the "substantial part of property that is the subject of the action is situated …." clause of 28 U.S.C. § 1392(b)(2). Instead, the Complaint alleges a UCC security interest filing in California. Complaint, ¶ 25. Plaintiff alleges nothing in the Complaint to support venue in the Middle District of Georgia. Given Plaintiff's litigation history in this District, and the facially deficient allegations made in Plaintiff's Complaint, it would be in the interest of justice for the Court to dismiss this case rather than transfer pursuant to 28 U.S.C. § 1406. Plaintiff can then refile this collections action against only proper parties, if it chooses to do so, in the appropriate state court in California or, if diversity jurisdiction is adequately alleged, in a Federal court with venue through a new complaint asserting claims which satisfy the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## Conclusion and Requested Relief

This action was brought by a serial collections plaintiff in an improper venue. Defendants request that the Court dismiss the Complaint pursuant to Fed.R.Civ.P. Rule 12(b)(3), affording the Plaintiff the opportunity to correct the deficiencies in its Complaint and assert its claims against only proper Defendants in a Complaint brought in a proper venue. Because the Court can determine from the record before

it the positions of the parties, obviating the need to consider an opposition filing, Defendants request, pursuant to M.D. Ga. Local Rule 7.7, that the Court except this Motion from the normal briefing schedule and enter an Order dismissing this case as brought in an improper venue.

Respectfully submitted this 31st day of December 2019.

>BODKER, RAMSEY, ANDREWS,
>WINOGRAD & WILDSTEIN, P.C.
>
>By: /s/ Robert E. Rigrish
>Robert E. Rigrish
>Georgia Bar No. 605573
>One Securities Centre
>3490 Piedmont Road
>Suite 1400
>Atlanta, Georgia 30305
>404-351-1615 [telephone]
>404-352-1285 [fax]
>rrigrish@brawwlaw.com [e-mail]
>
>Attorneys for Defendants

## Certificate of Service

I hereby certify that I have this 31st day of December 2019 electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification to the following CM/ECF participant, counsel for Plaintiff:

>Paul G. Wersant
>3245 Peachtree Parkway
>Suite D-245
>Suwanee, GA 30024
>Attorney for Plaintiff

By: /s/ Robert E. Rigrish